UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH LEMBERGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNLIMITED CARGO TRANSPORT, LLC, | ) |
| MEHMED SPAHIC and ELVEDIN SPAHIC | ) |
| | ) |
| Defendants. | ) |
| | ) No. 4:16CV01090 ERW |
| | ) |
| UNLIMITED CARGO TRANSPORT, LLC, | ) |
| | ) |
| Counter Claimant. | ) |
| | ) |
| v. | ) |
| | ) |
| KENNETH LEMBERGER, | ) |
| | ) |
| Counter Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants Unlimited Cargo Transport, LLC, Mehmed Spahic, and Elvedin Spahic's (collectively, "Defendants") Motion to Dismiss Plaintiff's Complaint, or Alternatively to Strike and/or Make Plaintiff's Claims More Definite and Certain [ECF No. 4].

### I. BACKGROUND

Plaintiff Kenneth Lemberger initiated this lawsuit by filing a Petition in in the Circuit Court of St. Louis County. On July 5, 2016, Defendant Unlimited Cargo Transport, LLC ("UCT"), removed the Petition to this Court pursuant to 28 U.S.C. §§ 1331, 1441 and 1367 [ECF No. 1]. Defendants Mehmed Spahic and Elvedin Spahic consented to the removal [ECF

1

No. 2]. On the same date, Defendants filed their pending Motion to Dismiss. Defendant UCT subsequently filed a Counterclaim against Plaintiff [ECF No. 11]. On August 19, 2016, the Court noted Plaintiff had not yet filed a response to Defendants' Motion to Dismiss and ordered Plaintiff to show cause why Defendants' Motion should not be granted. On September 9, 2016, Plaintiff filed his Memorandum in Opposition re: Defendants' Motion to Dismiss, his Response to this Court's order to show cause, and his motion to dismiss Count I of his Petition without prejudice [ECF No. 13].

In his Petition, Plaintiff claims he was employed by Defendants as a company driver during two separate periods of employment. Plaintiff alleges each of the Defendants—UCT, Mehmed Spahic and Elvedin Spahic—were his employers. He further alleges the Spahics are the owners of UCT and exercised complete dominion and control over the LLC as its "alter egos." Plaintiff asserts four counts—the first two allege violations of the Fair Labor Standards Act of 1938, 29 U.S.C. 201-219 (the "FLSA"). In Counts I and II, Plaintiff contends he was paid less than the minimum wage of $7.50 an hour in violation of the FLSA during his two episodes of employment with UCT.

In Plaintiff's third count, he maintains Defendants failed to return $1,000 in escrowed funds to him. Lastly, in Count IV, Plaintiff alleges Defendants assigned him a defective truck and he was required to incur $3,000.00 in repairs. Plaintiff argues Defendants' provision of the defective truck violated the warranty set forth in the lease agreement between the parties. Plaintiff further alleges Defendants made fraudulent representations that the truck complied with Federal and State laws.

Defendants move to dismiss Plaintiff's complaint or to strike his improper counts for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil

Procedure ("FRCP") 12(b)(6) and 12(f). Specifically, Defendants maintain dismissal is proper with regard to Counts I and II because Plaintiff failed to state sufficient facts alleging a violation of the minimum wage requirement under the FLSA. Defendants argue Plaintiff failed to plead the number of days and hours he worked or the manner and amount of compensation he received. Moreover, Defendants also contend Mehmed Spahic and Elvedin Spahic (the "Spahic Defendants") should be dismissed from the case because Plaintiff failed to adequately plead they were his employers. In the alternative, should this Court deny Defendants' Motion to Dismiss or Strike, Defendants request that Plaintiff be required to make his claims more definite and certain pursuant to FRCP 12(e).

For the purpose of this Motion, the Court accepts as true the following facts alleged in Plaintiff's Petition. *Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency*, 615 F.3d 958, 988 (8th Cir. 2010). Plaintiff performed services for UCT as a truck driver during two separate time periods. The first period occurred during 2014. The second period commenced in March 2015 and ended in September 2015. On March 20, 2015, Plaintiff entered into an Independent Contractor Lease Agreement and an Equipment Lease Agreement with UCT and was assigned a truck. Defendants unilaterally arranged and booked loads for Plaintiff to transport and then instructed Plaintiff when and where to pick up and deliver the loads. Plaintiff was obligated to accept each load. If Plaintiff failed to pick up a load as directed, he would be required by Defendants to wait for another load, which would result in a loss of income to Plaintiff. Defendants did not permit Plaintiff to work for other hauling companies. Plaintiff worked 16 hours a day and was not paid the minimum wage.

## II. STANDARD

Under FRCP 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of FRCP 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." To meet this standard and to survive a FRCP 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). The Court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010).

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff[.]" *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010). However, if a claim fails to allege one of the elements necessary to recovery on a legal theory, that claim must be dismissed for failure to state a claim upon which relief can be granted. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011). "Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Although courts must accept all factual allegations as true, they are not bound to take as true "a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted); *Iqbal*, 556 U.S. at 677-78.

## III. DISCUSSION

### A. The Spahic Defendants

As an initial matter, the Court will consider Defendants' argument that the Spahic Defendants should be dismissed from the case. Defendants contend Plaintiff did not properly plead facts establishing the Spahics were his employers as required under the FLSA. Plaintiff, in turn, counters he sufficiently plead the Spahics were the owners of UCT and exercised complete dominion and control over it.

The existence of an employer-employee relationship is a prerequisite to asserting a claim under the FLSA. *See* 29 U.S.C. § 216(b). The plaintiff bears the burden of proving an employer-employee relationship exists. *Reich v. ConAgra, Inc.,* 987 F.2d 1357, 1360 (8th Cir. 1993). The FLSA defines "employee" as "any individual employed by the employer." 29 U.S.C. § 203(d). An "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). There may be multiple simultaneous employers under the FLSA, and recovery for FLSA violations is possible against all defendants found to be employers. *Rikard v. U.S. Auto Prot., LLC,* No. 4:11CV1580 JCH, 2013 WL 5298460, at *3 (E.D. Mo. Sept. 20, 2013).

Courts determining employer status look to the economic realities of the circumstances rather than technical common law concepts of agency. *Goldberg v. Whitaker,* 366 U.S. 28, 33, 81 S.Ct. 933, 6 L.Ed.2d 100 (1961); *Maurer v. Chico's FAS Inc.*, No. 4:13CV519 TIA, 2013 WL 6388451, at *5–6 (E.D. Mo. Dec. 6, 2013). Individual liability as an employer under the FLSA is determined through actual involvement in the day-to-day activities such as possessing the power to control the workers in question, with an eye to the "economic reality" presented by the facts of each case. *Goldberg,* 366 U.S. 28, 32-33*; Wirtz v. Pure Ice Co.,* 322 F.2d 259, 263 (8th Cir. 1963) (holding a combination of stock ownership, management, direction and the right to hire and fire employees would "well support" a finding of employer status); *White v. 14051*

*Manchester Inc.*, 301 F.R.D. 368, 388 (E.D. Mo. 2014) (quoting *Rikard,* 2013 WL 5298460, at *3) ("'The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.'").

Here, Plaintiff alleges the Spahic Defendants were the owners of UCT. Defendants concede the Spahics organized UCT, a "manager-managed limited liability company." Plaintiff also pleads that the Spahic Defendants "exercised complete dominion and control" over UCT's operations. Plaintiff later specified that UCT unilaterally assigned him loads to transport, told him when and where to pick up deliver the loads, kept him from working for other hauling companies, and could penalize him for his performance.

The Court must accept Plaintiff's averments as true. At this stage of the proceeding, Plaintiff has alleged sufficient facts regarding the Spahic's status as employers under the FLSA to survive a motion to dismiss.[1] Accordingly, Defendants' request to dismiss the Spahic Defendants will be denied.

### B. Plaintiff's FLSA Claims

Defendants motion the Court to dismiss Counts I and II of Plaintiff's Petition. They challenge Plaintiff's allegation that he was paid less than the minimum wage required under the FLSA during his two periods of employment with UCT. Defendants argue Plaintiff failed to plead with specificity the amount of compensation he received or the number of hours and days he worked in Counts I and II. Additionally, with regard to Count I, Defendants point out that Plaintiff erroneously overstated the length of his first period of employment in 2014. In Plaintiff's response, he concedes he incorrectly stated the start date for his first period of

---

[1] The Court further notes Defendants only argue the Spahic Defendants should be dismissed in the context of Plaintiff's FLSA claims under Counts I and II; they do not discuss Plaintiff's supplemental claims in Counts III and IV. Therefore, the Court need not consider the Spahics' status as Defendants in relation to Counts III and IV.

employment. Plaintiff further concedes he was paid in accordance with the law during that time and motions this court to dismiss Count I without prejudice.

With regard to Plaintiff's remaining FLSA claim in Count II, as noted above, Defendants argue the claim is implausible on its face as it does not allege the number of hours Plaintiff actually worked or the compensation he received. While acknowledging it is his burden to prove he performed work for which he was not properly compensated, Plaintiff argues he is not required to provide the level of detail urged by Defendants at this stage of the proceeding. Plaintiff further asserts he was forced to plead an estimate of his unpaid wages because he was unable to obtain Defendants' records.

Upon review of the Petition, drawing all favorable inferences in favor of Plaintiff, the Court finds Plaintiff's FLSA claim to be plausible on its face. In his Petition, Plaintiff alleged he was employed from March 2015 through September of 2015. Plaintiff claimed he worked 16 hours per day, was not paid minimum wage, and accordingly, was due $14,933.33. Although the Petition did not include some details regarding Plaintiff's compensation and the specific number of hours worked, Plaintiff credited that deficiency to his inability to obtain records from Defendants at the pleading stage. Liberally construing the facts asserted, the Court finds Plaintiff has sufficiently stated a claim for relief. Accordingly, Defendants' Motion to Dismiss or Strike is denied.

The Court will also deny Defendants' alternative Motion to Make Plaintiff's Claims More Definite and Certain. A motion for more definite statement may be granted if a pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e). Rule 12(e)'s standard is plainly designed to strike at unintelligibility rather than lack of detail." *Enter. Rent-A-Car Co. v. U-Haul Int'l, Inc.*, No.

4:03CV1480 CAS, 2006 WL 4899925, at *4 (E.D. Mo. Aug. 17, 2006) (quoting James W. Moore, et al., 2 *Moore's Federal Practice,* § 12.36 (3d ed. 2005)). In light of the liberal discovery available under the federal rules, motions to make more definite and certain are disfavored. *See e.g.*, Thrasher v. Missouri State Highway Comm'n, 534 F.Supp. 103, 106 (E.D. Mo.1981), *aff'd without opinion,* 691 F.2d 504 (8th Cir. 1982), *cert. denied,* 460 U.S. 1043 (1983). The allegations in Plaintiff's petition are not so vague or ambiguous that Defendants cannot reasonably prepare a response. The Court believes Defendants can ascertain the claims alleged therein. Therefore, an order directing Plaintiff to provide a more definite statement is not warranted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Unlimited Cargo Transport, LLC, Mehmed Spahic, and Elvedin Spahic's Motion to Dismiss Plaintiff's Complaint, or Alternatively to Strike and/or Make Plaintiff's Claims More Definite and Certain [ECF No. 4] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff Kenneth Lemberger's motion to dismiss Count I of his Petition against Defendants Unlimited Cargo Transport, LLC, Mehmed Spahic, and Elvedin Spahic [ECF No. 13] shall be **GRANTED.** Count I is **DISMISSED, without prejudice**.

Dated this 18th day of October, 2016.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE